IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| SCOTT WATSON,<br><br>Plaintiff,<br><br>vs.<br><br>NICOLE A. GALLAGHER, ET AL.,<br><br>Defendants. | CV 26-17-BU-WMM<br><br><br>ORDER |

Plaintiff Scott Watson has filed a 42 U.S.C. § 1983 Complaint For Violation of Civil Rights ("Complaint") related to his prosecution in Yellowstone County. (Doc. 2). The Complaint as drafted fails to state a claim and is dismissed.

## I.   STATEMENT OF THE CASE

### A.   Parties

Watson is incarcerated at the Montana State Prison in Deer Lodge. He names as defendants, the Yellowstone County Public Defender's Office, attorney Nicole A. Gallagher, and Judge Sheila R. Kolar. (Doc. 2 at 2 - 3).

### B.   Allegations

Watson cites the Eighth and Fourteenth Amendments as sources of his claims. (Doc. 2 at 3). Watson alleges that he was charged with a crime that occurred while he was in a fugue state, and he does not recall doing anything. He has been diagnosed with mental illness. (Doc. 2 at 4). Watson asserts that his

attorney did not call witnesses from Social Security or the United States Department of Veterans Affairs, with whom Watson has been involved for years regarding his mental illness. The court was not interested in a mental evaluation, and his attorney did not request one.

Watson seeks compensatory and punitive damages. (Doc. 2 at 6).

## II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Watson is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915 and 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the

2

claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## A.    *Heck* Bar

In sum, Watson asserts that his counsel was inept by not introducing his mental health disorders at his trial, and, presumably, he was convicted as a result. (Doc. 2 at 6). He seeks compensatory and punitive damages. *Id.* However, to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v.*

3

*Humphrey,* 512 U.S. 477, 486-487 (1994). A claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487. Watson is currently incarcerated and does not allege that the relevant conviction has been reversed. His claim about ineffective assistance of counsel would more properly be raised in a postconviction petition. Watson's damages claim here is barred by *Heck.*

### B.     Immunity

Watson has not clearly stated who was responsible for the violations he alleges. However, the Defendants he has named are immune from suit, or not proper defendants on a 42 U.S.C. § 1983 claim. Prosecutors, defense counsel, and judges, are all immune from suit under § 1983 for actions taken within the scope of their employment.

### 1.     Public Defenders

Watson's ineffective assistance claims against the public defender Defendants, his attorney or the public defender's office, are not appropriate claims under 42 U.S.C. § 1983 for two reasons. First, Watson's public defenders are not state actors within the meaning of § 1983 and cannot be sued under 42 U.S.C. § 1983. § 1983 creates a cause of action against those acting "under color of" state law. The actions as Watson's attorneys cannot be considered to be "state action," because his attorneys are adversarial to the state in the court of law. "[I]t is the

4

function of the public defender to enter "not guilty" pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants. All of these are adversarial functions. We find it peculiarly difficult to detect any color of state law in such activities." *Polk Cnty. v. Dodson*, 454 U.S. 312, 320 (1981) (concluding public defenders do not act under color of law within the meaning of § 1983).

Second, an ineffective assistance of counsel claim must be raised in direct appeals, post-conviction, or habeas corpus proceedings—not in a § 1983 action. Claims for ineffective assistance of counsel are not recognized under § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Watson's Complaint is fatally deficient regarding the public defenders.

2.    Judge

Watson also cannot state claims against Judge Kolar, who is immune from suit. As an initial matter, Watson has failed to allege any facts as to her individual conduct. On that ground alone, Watson's allegations are insufficient to state a claim.

But more fundamentally, Judge Kolar has absolute judicial immunity. A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also*

5

*Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The only action that could, speculatively, be attributed to Judge Kolar is that "the court in this case was not even interested for a "mental eval"." (Doc. 2 at 4). Assuming this is directed at Judge Kolar, Watson does not allege any facts that show any of her conduct was outside the scope of her duties as a presiding judge. Watson has failed to state a claim that would avoid Kolar's immunity.

## III.   CONCLUSION

The Court has screened Watson's Complaint and determined that it fails to state a claim, and that all Defendants are immune from a § 1983 suit. Leave to amend is ordinarily freely given, but in this case, amendment would be futile. Watson could not amend his Complaint to state a claim related to the conduct of his criminal counsel or the presiding judge in his criminal matter.

Accordingly,

**IT IS HEREBY ORDERED:**

1.     Watson's Complaint is **DISMISSED**. The Clerk of Court is directed to enter judgment in this matter according to Federal Rule of Civil Procedure 58.

2.     The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

3.     The Clerk of Court is directed to have the docket reflect that the dismissal of this Complaint counts as a strike against Watson within the meaning of 28 U.S.C. § 1915.

DATED this 31st day of March, 2026.

_____
WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE